FILED

AUG 21 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No.** |
| | § | **DR-17-CR-0199(4)-AM** |
| **JESSICA JOANA MENA,** | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Defendant Jessica Joana Mena's *pro se* Motion to Reduce Sentence (the "Motion"), which she brings under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 283.) The Defendant requests a reduction of her sentence based on "compassionate release," alleging that she has suffered sexual abuse from correctional facility officers in multiple facilities for nearly a decade. (*Id.* at 16.) She also alleges that she became pregnant with twins due to the abuse and that she and her unborn children suffer imminent health risks due to unreasonable facility conditions. (*Id.* at 2–3.) Upon review of the Motion, the record, and relevant law, the Defendant's Motion to Reduce Sentence [ECF No. 283] is **DENIED**.

## I. BACKGROUND

On July 13, 2017, the Defendant pled guilty pursuant to a plea agreement to Count Three of the Indictment, which charged her with conspiracy to import 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1), and 963. (ECF No. 126.) She was sentenced to 210 months' imprisonment with credit for time served since March 7, 2017. (ECF No. 189.)

The Defendant has now been imprisoned for nearly ten years. (ECF No. 283 at 2.) During that time, she alleges she has suffered sexual abuse at the hands of multiple officers at the FMC Carswell and SFF Hazelton facilities. (*Id.* at 4, 8–9.) According to the Defendant, while

incarcerated at FMC Carswell between 2019 and 2021, she was sexually assaulted by two officers. First, in 2019, an officer coerced the Defendant into performing oral sex on him by promising she would be allowed to spend time with her mother, who was incarcerated in a Special Housing Unit ("SHU") in the same facility. (*Id.* at 4.) The Defendant states her mother was released from the SHU shortly after the Defendant complied. (*Id.*) Later that day, the same officer separated her from her mother, touched her breasts with his hands and mouth, and digitally penetrated her. (*Id.*) The Defendant did not report the incident at the time because she feared retaliation, though her ex-girlfriend later reported it. (*Id.*)

Next, the Defendant alleges that in 2021, she was sexually assaulted by another officer, Lt. Luis Curiel, on multiple occasions. (*Id.*) Lt. Curiel was charged with and pleaded guilty to sexually abusing three incarcerated women in FMC Carswell in October 2021. *U.S. v. Curiel,* No. 22-CR-132 (N.D. Tex. 2022). The Defendant was not identified as a victim in that case. She claims she was contacted by an attorney regarding the federal indictment in that case, but she declined to participate. (ECF No. 283 at 4.)

Finally, in 2025, the Defendant alleges she was repeatedly sexually assaulted by a third officer while incarcerated at SFF Hazelton and that he used his position of authority to coerce her to engage in sexual acts. (*Id.* at 8; *see* ECF No. 283-1 at 15.) Between July and August 2025, that officer repeatedly sexually assaulted her in several locations within the institution, including in his office, the visiting area, and the captain's office. (ECF No. 283 at 8.) The Defendant further alleges that the officer retaliated against her by instructing another officer to lock her outside the institutional housing areas for nearly an hour. (*Id.*; ECF No. 283-1 at 67.) She states she became pregnant with twins due to these assaults. (ECF No. 283 at 8.)

The Defendant also states that an explicit video of her was shared among and viewed by hundreds of BOP officers for sexual gratification. (*Id.* at 9.) The Defendant engaged in sexual conduct during a video visitation call, which was recorded through Bureau of Prisons (BOP) monitoring systems. (*Id.*) Hazelton staff then obtained, copied, and circulated the video among institution staff. (*Id.*) According to the Defendant, approximately 300 to 400 staff viewed the recording, resulting in more than a thousand views. (*Id.*) She argues this incident demonstrates the pervasive sexual exploitation that is rampant throughout BOP facilities. (*Id.*)

In early January of 2026, medical staff confirmed the Defendant was pregnant with twins. (ECF No. 283 at 9.) Since then, the Defendant claims she has been placed in unsafe circumstances because (1) she was assigned a top bunk at SFF Hazelton after her pregnancy was confirmed; (2) instead of making better accommodations available to her, the facility simply transferred her to another facility, FCI Aliceville; (3) at FCI Aliceville, she is housed on the third floor and forced to climb three flights of stairs several times per day while approximately seven and a half months pregnant; and (4) she faces imminent transfer to a third facility while being dangerously close to giving birth. (*Id.* at 10.) She was also threatened with solitary confinement, which she claims violates the proposed Pregnant Women in Custody Act. (*Id.* at 13); H.R. 982, 118th Cong. (2023).

The Defendant admits her pregnancy is not considered high risk and she has suffered no complications. (ECF No. 283 at 10.) However, she states she is depressed, and she cites the inherent risks of twin pregnancies and limited access to emergency medical care as evidence that she nonetheless lacks adequate medical care, making her pregnancy dangerous. (*Id.*) She further alleges these conditions constitute "medical abandonment," prove the BOP's deliberate indifference, and violate the Eighth Amendment. (*Id.* at 11–12.) The Plaintiff provides no information from her doctor or any other medical professional familiar with her case.

Based on these facts, the Defendant contends the Court should grant her sentence-reduction request under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A), specifically under § 1B1.13(b)(4)(A) of the United States Sentencing Guidelines, which allows courts to reduce a sentence for a defendant who was sexually abused by or at the direction of a facility officer. The Defendant also appears to allege that her medical condition is an additional ground for her release under U.S.S.G. § 1B1.13(b)(1)(C) and that, taken together, her circumstances should be considered extraordinary and compelling under the catch-all provision, U.S.S.G. § 1B1.13(b)(5). In addressing these claims, the Court construes the pleadings liberally in accordance with the Petitioner's *pro se* status. *See Price v. Digit. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) ("[W]e liberally construe the briefs of pro se appellants").

## II. LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may reduce the term of imprisonment and grant compassionate release when the court: (1) finds that "extraordinary and compelling reasons" that warrant a reduction; (2) finds that such a reduction is consistent with applicable Sentencing Commission policy statements; and (3) determines release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 359–60 (quoting 18 U.S.C. § 3582(c)(1)(A)). The burden falls on the defendant to demonstrate those requirements are met. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022). Defendants may file compassionate-release motions only after exhausting their administrative remedies. *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Notably, a court's resolution of a request for compassionate release is "inherently discretionary."[1] *Id.* at 360.

---

[1] While the Commission's guidance in § 1B1.13 may inform the district court's analysis, it does not bind the district court in deciding prisoners' compassionate release motions. *See, e.g., United States v. Thompson*, 984 F.3d 431, 433

## III. ANALYSIS

*A. Availability of Relief*

The First Step Act of 2018 states that to modify a term of imprisonment based on a defendant's motion, that defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant states that her legal representative filed a BP-9 grievance on her behalf on November 6, 2025. (ECF No. 283 at 16.) The Defendant then filed a formal grievance on November 24. (*Id.*) She hand-delivered a compassionate release request to the RIS Coordinator on December 18, 2025, and then filed an addendum the following day. (*Id.*) More than thirty days passed after the Defendant's request with no response. (ECF No. 283-1 at 72.) Therefore, the Court finds that the Defendant has exhausted her administrative remedies.

*B. Extraordinary and Compelling Reasons for Release*

For a court to consider exercising its discretion to grant compassionate release, the defendant must both establish that extraordinary and compelling reasons warrant a reduction and show the reduction is consistent with applicable Sentencing Commission policy. 18 U.S.C. § 3582. The U.S. Sentencing Commission outlines several circumstances that constitute extraordinary and compelling reasons for sentence reduction. U.S.S.G. § 1B1.13(b). Relevant here are three provisions: when a defendant is a victim of sexual abuse at the hands of facility officers, *id.* § 1B1.13(b)(4)(A), when a defendant suffers from a medical condition requiring specialized medical care that is not being provided, *id.* § 1B1.13(b)(1)(C), and when other circumstances or

(5th Cir. 2021). The statute provides that "the court *may* reduce a term of imprisonment" when certain factors are met, reserving full discretion for the court to reject a defendant's motion. U.S.S.G. § 1B1.13 (emphasis added).

combination of circumstances "are similar in gravity" to the enumerated circumstances justifying compassionate release, *id.* § 1B1.13(b)(5).

**1. Victim of Sexual Abuse**

First, the Defendant alleges she suffered sexual abuse at the hands of several facility officers, and that this abuse, combined with the inherent risks of her resulting pregnancy, creates extraordinary and compelling circumstances justifying her release. To establish extraordinary and compelling circumstances based on sexual abuse, a defendant must show: (1) the defendant is a victim of sexual abuse involving a sexual act that occurred "while in custody serving the term of imprisonment sought to be reduced"; (2) the abuse was "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant"; and (3) "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding," unless "such proceedings are unduly delayed or the defendant is in imminent danger." *Id.* § 1B1.13(b)(4).

The Defendant claims that she was a victim of sexual abuse at the hands of a covered perpetrator while serving the term of imprisonment she seeks to reduce. These claims, if true, allege a *prima facie* case for the first two requirements. However, even if the first two requirements are met, the Defendant's claims are not substantiated by an administrative, civil, or criminal judgment per the third requirement.

The Defendant alleges, in what appears to be an attempt to meet the third requirement, that one of her abusers at FMC Carswell, Lt. Curiel, was indicted and charged with abusing at least three women during the same period the Defendant was incarcerated there. (ECF No. 283 at 4.) The Defendant claims she was offered the chance to be included in that criminal case but declined

to participate. (*Id.*) Despite Lt. Curiel's conviction in that case, because the Defendant was not identified as a victim in the case, Lt. Curiel was not found liable for the *specific misconduct* that is the subject of the Defendant's motion. The Court has no other proof that Lt. Curiel's actions toward the Defendant, or the actions of any other alleged assailant, have been established by either a criminal conviction or a finding of liability in a civil case or administrative proceeding.

The Defendant next appears to argue that she nonetheless meets the third element because she faces imminent danger due to the pending birth of her twin children and the inherent risks of pregnancy and birth. (*See* ECF No. 283 at 18.) This argument fails. First, the dangers the Defendant alleges are unsubstantiated. *See United States v. Shelton*, No. 14-CR-16, 2026 U.S. Dist. LEXIS 14172, at *15 (W.D. Va. Jan. 26, 2026) (finding that "vague, unspecific" allegations of abuse "provide no basis for a finding that [the defendant] is in imminent danger"); *see also United States v. Ushery*, No. 25-5551, 2026 U.S. App. LEXIS 17251, at *3 (6th Cir. June 12, 2026) (citing the district court's determination that the defendant's allegations of imminent danger "lacked any evidentiary support and therefore did not warrant his release"). While giving birth carries some inherent risks, the Defendant admits her pregnancy was determined to have "no high risks or complications." (ECF No. 283 at 10.) With no medical record or doctor's opinion to corroborate her claims of urgent risks, the allegations of "imminent danger" are insufficient. Additionally, based on the information provided in the Defendant's Motion, the Defendant has already given birth by the issuance of this Order, making the alleged pregnancy-related health risks moot. *See United States v. Fountain*, No. 12-155, 2024 U.S. Dist. LEXIS 202767, at *26 n.12 (E.D. Pa. Nov. 7, 2024) (denying compassionate release based on sexual abuse because the Defendant was no longer located at the same facility as her alleged abuser and therefore not in imminent danger).

**2. Medical Circumstances**

Next, the Defendant appears to argue compassionate release is warranted due to her medical condition. To establish extraordinary and compelling circumstances based on a medical condition, the most closely applicable provision requires a showing that the defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[2] U.S.S.G. § 1B1.13(b)(1)(C). While the Defendant has to some extent alleged her condition requires specialized care, she has not shown she is at risk of serious deterioration in health or death. Rather, she admits that her pregnancy is *not* considered high risk, and she does not include any medical record or doctor's assessment supporting a finding that she is at risk of serious deterioration in health or death. Therefore, the conditions allowing a finding of extraordinary and compelling circumstances based on medical condition are not met.

**3. Other Reasons**

Finally, construed liberally, the Defendant's Motion argues that the cumulation of circumstances including the alleged sexual assaults, pregnancy-related health risks, and the "deliberate indifference" of facility staff are similar in gravity to the enumerated circumstances and therefore justify compassionate release under the catch-all provision. The Fifth Circuit has stated it will not weigh in on whether the Fifth Circuit or the Bureau of Prisons has authority to define what constitutes "other reasons" for compassionate release purposes. *United States v. Thompson*, 984 F.3d 431, 433 n.4 (5th Cir. 2021) (citing *United States v. Ruffin*, 978 F.3d 1000,

---

[2] Section § 1B1.13(B)(1)(b)(i) of the United States Sentencing Guidelines states that a medical condition can also create extraordinary and compelling circumstances when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." However, the Court finds this section is not applicable because the Defendant has not alleged her ability to provide self-care is substantially diminished, nor that she is not expected to recover from her pregnancy-related health risks; additionally, any pregnancy-related health risks have become moot, as stated above.

1006–08 (6th Cir. 2020)). However, even if the courts may determine what circumstances fall under the catch-all provision, the Defendant does not provide sufficient evidence of extraordinary and compelling circumstances to qualify for compassionate release under this provision.

While the Defendant proffers multiple cases in support of her position—many of which rely on the catch-all provision—, none set binding precedent, and all are distinguishable from her circumstances in significant ways. (ECF No. 283 at 17); *See, e.g.*, *United States v. Lambert*, No. CR 19-08, 2025 U.S. Dist. LEXIS 188166 (D. Mont. Sep. 23, 2025) (granting in part a sentence reduction where the defendant joined class-action litigation against the facility where she was incarcerated, maintained a separate civil action against the abusing officer, and was subpoenaed to testify at that officer's criminal trial); *United States v. McCoy*, No. 14-CR-304, 2024 U.S. Dist. LEXIS 136812 (E.D. Cal. Aug. 1, 2024) (granting in part a compassionate release motion where the sexual abuse allegations had been verified and the government was unopposed); *United States v. Smith*, No. 20-CR-253-2, 2023 U.S. Dist. LEXIS 149684 (E.D. Cal. Aug. 24, 2023) (granting compassionate release motion when the government admitted the defendant's claims of sexual abuse appeared to be non-frivolous); *United States v. Morales*, No. 16-CR-241, 2024 U.S. Dist. LEXIS 39753 (E.D. Cal. Mar. 5, 2024) (granting compassionate release where the defendant's health risks were substantiated by a doctor's assessment).

Unlike the circumstances in the cases she cites, the Defendant provides no medical records or doctor's assessment to substantiate her claims of risk, she cites no cases she was a party to that would substantiate her claims of abuse against specific perpetrators, and the government has not responded in support of her Motion. Her claims are not substantiated by the types of evidence generally accepted to confirm a defendant's imminent danger.

In support of her allegations, the Defendant also cites examples of abuse generally to illustrate the pervasiveness of such conduct in the BOP. She provides articles and citations describing cases where BOP officers were charged with or convicted of the sexual assault of prisoners. (*See, e.g.*, ECF No. 283 at 6–7; 283-1 at 76–98.) But "[a] general showing that sexual abuse has occurred, but not against the defendant, is insufficient," and generally citing recurrent problems of sexual abuse "does not provide the requisite level of proof." *Shelton*, No. 14-CR-16, 2026 WL 196477, at *5. The examples the Defendant cites are not evidence of *her* situation; cases involving other officers and facilities do not provide the facts necessary to determine and analyze the Defendant's specific circumstances.

Finally, the Defendant alleges that her current care violates the Eighth Amendment because the facility where she is incarcerated has demonstrated deliberate indifference to her serious medical needs.[3] (ECF No. 283 at 11.) She presumably raises this claim to support her arguments for compassionate release based on medical condition and imminent danger. However, to the extent she attempts to raise an Eighth Amendment claim, it is denied because a motion for compassionate release is not the appropriate avenue for such a claim.

*C. 18 U.S.C. 3553(a) Sentencing Factors*

The nature and circumstances of the Defendant's offense also counsel against a reduced sentence. The Defendant committed a serious methamphetamine-importation offense, received a 210-month sentence, and has served only approximately half of that sentence. Although she has provided evidence that she has been accepted to a housing and reintegration program upon her release [ECF No. 283-1 at 3], the record contains limited evidence of rehabilitation. The original

---

[3] As part of this argument, the Defendant claims she was threatened with solitary confinement and that this violates the Pregnant Women in Custody Act. (ECF No. 283 at 13); H.R. 982, 118th Cong. (2023). That legislation, however, was only a proposed bill that was never adopted as law. The alleged threat of solitary confinement was not made in violation of law.

sentence remains necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, and protect the public. The Court considered these factors at the original sentencing and does not find that there have been any significant changes to warrant a reduction. Under these circumstances, the Court exercises its discretion to deny the Defendant compassionate release.

Accordingly, even if Defendant had established extraordinary and compelling reasons, the § 3553(a) factors would independently warrant denial of the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Defendant has not established extraordinary and compelling reasons which warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A). In addition, the sentencing factors under 18 U.S.C. § 3553(a) weigh against a sentence reduction.

Therefore, it is **ORDERED** that Defendant Jessica Joana Mena's Motion to Reduce Sentence [ECF No. 283] is **DENIED**.

SIGNED and ENTERED on this 21st day of August 2026.

ALIA MOSES
Chief United States District Judge